**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| COVINGTON SPECIALTY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLAUDE L. JOHNSON and LIMPAC, LLC, )<br>)<br>Defendants. ) | Case No. 2021-av-99999 |

**PLAINTIFF COVINGTON SPECIALTY INSURANCE COMPANY'S
<u>COMPLAINT FOR DECLARATORY JUDGMENT</u>**

Plaintiff Covington Specialty Insurance Company ("Covington") files this Complaint for Declaratory Judgment, showing the Court as follows:

Plaintiff Covington files this Complaint for Declaratory Judgment, pursuant to 28 U.S.C. § 2201, seeking a declaration that it has no obligation to defend or indemnify Defendant Claude L. Johnson from the claims asserted against him in the underlying action filed in the Court of Common Pleas by Defendant Limpac, LLC because he does not qualify as an insured with respect to the claims asserted in the underlying action. Covington seeks a declaration that it has no obligation to defend or indemnify Defendant Claude L. Johnson from the claims asserted against him in the underlying action because Defendant Claude L. Johnson breached the notice condition of the policies issued by Covington by failing to provide notice of the event, which forms the basis of the claims asserted in the underlying action. Covington further seeks a declaration that it has no obligation to indemnify Defendant Claude L. Johnson from the claims asserted against him in the underlying action because the alleged "property damage" involving the repeated trespass and

contamination of the Plaintiff's property does not fall within the coverage of the policies or is excluded.

## I.     Parties

1. Covington is a company formed under the laws of the New Hampshire with its principal place of business located in Atlanta, Georgia.

2. Defendant Claude L. Johnson is an individual who is a citizen of the State of South Carolina.

3. Mr. Johnson may be served with service of process at his home located at 887 Oakcrest Road, Spartanburg, South Carolina 29301.

4. Defendant Limpac, LLC is a limited liability company organized and existing under the laws of the State of South Carolina. Upon information and belief, the sole member of Limpac is a citizen of the State of South Carolina.

5. Limpac may be served through its registered agent, Holt Erwin, located at 1398 Boiling Springs Road, Suite H, Spartanburg, South Carolina 29303.

## II.     Jurisdiction and Venue

6. Defendant Johnson is subject to personal jurisdiction and venue of this Court.

7. Defendant Limpac is subject to personal jurisdiction and venue of this Court.

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as diversity exists as between the Plaintiff the Defendants as it is a citizen of a different state than all of the Defendants.

9. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201, in that Covington is seeking a declaration from this Court regarding the parties' rights and obligations with respect to

an insurance policy issued by it to AKR Enterprises, Inc. under which Defendant Johnson is claiming status as an insured.

### III.     Background Information

11.     On July 29, 2019, Limpac filed its Complaint in the action styled *Limpac, LLC v. Claude L. Johnson, Johnson Sanitation Company, Inc. and W.G. Arthur Inc.*, C.A. No. 2019-CP-42-02667, Seventh Judicial Circuit, Court of Common Pleas, South Carolina (the "Underlying Complaint"). A copy of the Underlying Complaint is attached as **Exhibit A**.

12.     In the Underlying Complaint, Limpac names Claude L. Johnson, Johnson Sanitation Company, Inc. and W.G. Arthur Inc. as Defendants.

13.     In the Underlying Complaint, Limpac alleges, *inter alia*, the following:

   a. Johnson Sanitation Company, Inc. ("Johnson Sanitation") and/or Claude L. Johnson leased certain real property from W.G. Arthur, Inc. located at 149 Peak Road, Roebuck, South Carolina (the "Johnson Property").

   b. The Johnson Property is adjacent to real property owned by Limpac located at 491 Southport Road, Roebuck, South Carolina (the "Limpac Property").

   c. Johnson Sanitation and/or Claude Johnson engaged in the business of removal and handling of "residential debris, yard waste, construction debris, and medical waste removal and handling."

   d. Johnson Sanitation and/or Claude Johnson began to "deposit trash, debris, demolition materials, and hazardous and noxious materials on [the Limipac] Property" beginning in 2012.

   e. In 2018, Limpac sought to sell the Limpac Property, at which time "potential purchasers complained of noxious odors from the [Johnson] property."

    f. In 2019, a potential purchaser under contract to buy the Limpac Property conducted field inspections, whereby the inspectors "on or about June 27, 2019" "found that Defendants were trespassing on the [Limpac] Property and dumping garbage, trash, debris, construction, and demolition debris, and hazardous materials on [the Limpac] property."

    g. The "inspectors determined that the Defendants were emitting noxious odors from [the Johnson] property that enter on to [the Limpac] Property."

14. In the Underlying Complaint, Limpac asserts causes of action against the Underlying Defendants for trespass, nuisance, negligence and conversion and seeks equitable relief in the manner of temporary and permanent injunctions.

15. In support of the claim for Trespass, Limpac alleges "Defendants intentionally entered Plaintiff's property" and "Defendants acted voluntarily and knew or should have known that they were trespassing on [the Limipac] property and the Defendants intentionally remained on the [Limipac] property" and "Hazardous materials, noxious materials and other unsafe conditions created by the trespassing still remain on [the Limpac] property" and "noxious odors from [the Johnson] property have invaded the [Limpac] property" and alleges that trees and soils have been damaged or removed, the Limpac Property has been greatly diminished and the Limpac Property will require cleaning and remediation.

16. In support of the claim for Nuisance, Limpac incorporates its prior allegations and alleges, "[Underlying] Defendants have continually and repeatedly permitted and caused garbage, debris, construction materials, demolition debris, hazardous material, vehicles, supplies and employees of [Underlying] Defendants to be unloaded onto and/or transported onto and across [the Limpac] property" and "have created unsafe conditions and allowed noxious odors onto [the

4

Limpac] property." Limpac alleges that the nuisance causes material annoyance, unreasonable interference with the use and enjoyment and value of the Limpac Property.

17. In support of the claim for Negligence, Limpac incorporates its prior allegations and alleges that Underlying Defendants had duty to prevent damage, disparagement, trespass, nuisance, loss of use and loss of value of the Limpac Property and that Underlying Defendants were "willful, wanton, reckless and intentional…in fouling [the Limpac] property, trespassing on [the Limpac] property, damaging the property, dispersing trash, debris, construction materials, demolition materials, hazardous and noxious materials and odors about the property, using it as their own, damaging the surface and subsurface, making it unusable or of no value, failing to supervise agents and employees and failing to act as a reasonable person."

18. In support of the claim for Conversion, Limpac incorporates its prior allegations and alleges that Underlying Defendants illegally used, misused, detained and took trees, vegetation, soil on the Limpac Property, gained control, right, title and interest without Limpac's permission and that Limpac demanded possession but Underlying Defendant's continued unauthorized action resulting in conversion/trespass to Limpac's chattel.

**A. The Covington Policies.**

19. Covington issued Policy No. VBA342415 00 to the Named Insured "AKR Enterprises, Inc. d/b/a Johnson Sanitation" for the Policy Period of March 10, 2015 through March 10, 2016 (the "15/16 Covington Policy"). A copy of the 15/16 Covington Policy is attached as **Exhibit B**.

20. Covington issued Policy No. VBA458004 00 to the Named Insured "AKR Enterprises, Inc. d/b/a Johnson Sanitation" for the Policy Period of April 15, 2016 to April 15,

2017 (the "16/17 Covington Policy"). A copy of the 16/17 Covington Policy is attached as **Exhibit C**.

21.     The 15/16 Covington Policy and the 16/17 Covington Policy (the 15/16 Covington Policy and the 16/17 Covington Policy are collectively referred to as the "Covington Policies") each provide commercial general liability coverage and the Insuring Agreement for "Coverage A – Bodily Injury and Property Damage" of each policy states as follows:

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages **A** and **B**.
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
>
> **(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

22. Part 2. "Exclusions" of Coverage A – Bodily Injury and Property Damage of each policy states, *inter alia*, the following :

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **a. Expected Or Intended Injury**
>
> > "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

23. Each of the Covington Policies includes a Contractors- Exclusions and Limitations Amendatory endorsement which states Exclusion f. "Pollution" applicable to Coverage A – Bodily Injury and Property damage is replaced with the following:

> (1) Bodily injury or property damage which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.
>
> (2) Any loss, cost or expense arising out of any:
>
> > a. Request, demand or order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or
> >
> > b. Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing, the effects of, "pollutants."

24. Section II – Who Is An Insured of the Commercial General Liability Coverage Form of each of the Covington Policies states, *inter alia*, the following:

> 1. If you are designated in the Declarations as:
>
> …
>
> > d. An organization other than a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are

7

>    > insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>
>    …
>
> 2. Each of the following is also an insured:
>
>    …
>
>    a. . . .or your "employees," other than either your "executive officers" . . . or your managers . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

25. Section IV – Commercial General Liability Conditions of the CGL Coverage Form of the Covington Policies, contains, *inter alia*, the following condition:

> **2.** **Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
>    **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
>    **(1)** How, when and where the "occurrence" or offense took place;
>
>    **(2)** The names and addresses of any injured persons and witnesses; and
>
>    **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
>    **b.** If a claim is made or "suit" is brought against any insured, you must:
>
>    **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
>
>    **(2)** Notify us as soon as practicable.
>
>    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

26. The Declarations pages of the Covington Policies identify the "classification" for the Johnson Property as "garbage, ash, refuse collecting," and each of the Covington Policies is

endorsed to include the Classification Limitation endorsement, which adds the following exclusion: "'[P]roperty damage'…for operations which are not classified or shown on the Commercial General Liability Coverage Part Declarations, its endorsements or supplements."

27. The Covington Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

28. The Covington Policies define "pollutant" as "any solid, liquid, gaseous or thermal irritant, contaminant or toxin, including but not limited to, smoke, vapor, soot, fumes, acids, alkalis, chemicals, metals and waste. Waste also includes materials to be recycled, reconditioned, or reclaimed."

### B. First Notice of an Occurrence to Covington.

29. Covington first received notice of any nature of damage to the Limpac Property when an August 20, 2019 ACORD Liability Notice of Occurrence/Claim was submitted on behalf of insured "AKR Enterprises, Inc. d/b/a Johnson Sanitation" that describes the claim as "Liability Claim, Concerning Trash Odors Suit Papers Attached."

30. Based on the allegations in the Underlying Complaint, Claude L. Johnson had knowledge of the trespass on the Limpac Property and the continuous course of conduct that led to alleged damage to the property in 2012.

31. Covington issued a letter dated September 27, 2019 to AKR Enterprises and Claude L. Johnson in which it declined coverage for the claims asserted against "Johnson Sanitation Company, Inc." and "W.G. Arthur, Inc." and in which it agreed to provide a defense to Claude L. Johnson under a reservation of rights. A true and accurate copy of the September 27, 2019 letter is attached as **Exhibit D**.

32. In the September 27, 2019 letter, Covington specifically reserved its rights with respect to, *inter alia*, the notice condition of the Covington Policies, Claude L. Johnson not

9

qualifying as an insured, known "property damage" occurring prior to the inception of the policies and continuing thereafter, the lack of "property damage" resulting from an "occurrence," and the exclusions of the policies.

33. In the underlying action, Limpac filed a Motion for a Rule to Show Cause – Contempt in which it asserted that Claude L. Johnson and Johnson Sanitation Company, Inc. had violated the Injunction and Restraining Order entered by the Court on December 31, 2021 by continuing to, *inter alia*, place trailers, debris, liquid oil, oil drums, etc. on the Limpac Property.

34. After learning of that the Motion for a Rule to Show Cause – Contempt had been filed, Covington issued a supplemental reservation of rights on May 25, 2021. A true and accurate copy of Covington's May 25, 2021 supplemental reservation of rights is attached as **Exhibit E**.

## Count I

### Declaration That Claude L. Johnson Does Not Qualify as an Insured

35. Covington incorporates the allegations contained in Paragraph 1 through 34 as if stated fully herein.

36. AKR Enterprises, Inc. is the only Named Insured on the Covington Policies.

37. Johnson Sanitation Company, Inc. is a separate and distinct legal entity from AKR Enterprises, Inc.

38. Johnson Sanitation Company, Inc. is not identified as an insured or additional insured on the Covington Policies or by any endorsements or amendments to the policies.

39. Claude L. Johnson is not identified as an insured or additional insured on the Covington Policies or by any endorsements or amendments to the policies.

40. The Underlying Complaint does not allege any liability against Claude L. Johnson arising out of his duties as an "executive officer" or "director" of AKR Enterprises, Inc. or arising out of acts within the scope of his employment with AKR Enterprises, Inc.

41. Covington is entitled to a declaration that it has no obligation to defend or indemnify Claude L. Johnson from the claims asserted in the Underlying Complaint because he does not qualify as an insured or additional insured under the terms and conditions of the Covington Policies.

## Count II

### Declaration That Claude L. Johnson
### Breached the Notice Condition of the Covington Policies

42. Covington incorporates the allegations contained in Paragraph 1 through 34 as if stated fully herein.

43. The trespass on the Limpac Property is alleged to have begun in 2012, prior to the inception of the Covington Policies, including the dumping of items and waste on the property.

44. General Liability Conditions, 2. Duties in the Event of Occurrence, Offense, Claim or Suit of the Covington Policies require that, as a condition precedent, the insured duty provide notice "as soon as practicable" of the occurrence of the property damage to the Limpac Property.

45. When Claude L. Johnson trespassed on the Limpac Property in 2012, if he contended that trespass was an accident causing any damage to the Limpac Property he had a duty to report such an "occurrence" which may have resulted in a claim.

46. Covington first received notice of the dumping of materials and waste on the Limpac Property by Claude L. Johnson and the other defendants in the underlying action on or about August 20, 2019

47. Claude L. Johnson's breached the notice condition of the Covington Policies by failing to provide notice to provide notice of the trespass which began in 2012 and was repeated thereafter if Claude L. Johnson contended such trespass was accidental property damage to the Limpac Property.

48. Claude L. Johnson's breach of the notice condition of the Covington Policies substantially prejudiced Covington because it was prevented from promptly investigating any alleged damages and its right to not insure or renew coverage for its insured.

49. As a result of the breach of the notice condition of the Covington Policies, coverage under the Covington Policies with respect to claims asserted against Claude L. Johnson in the Underlying Complaint has been forfeited.

50. Covington is entitled to a declaration that it has no obligation to defend or indemnify Claude L. Johnson from the claims asserted in the Underlying Complaint as a result of the breach of the notice condition of the Covington Policies.

## Count III

### Declaration That the Covington Policies Do Not Provide Coverage for Any of the Alleged Property Damage

51. Covington incorporates the allegations contained in Paragraph 1 through 34 as if stated fully herein.

52. For "property damage" to fall within the Insuring Agreement of each of the Covington Policies, it must have been the result of an "occurrence," which is defined as an accident, and prior to the inception of the respective policy the insured or an authorized representative must not have known that "the . . . 'property damage' had occurred, in whole or in part."

53. Exclusion 1.a. "Expected or Intended Injury" of Coverage A – Bodily Injury and Property Damage of each of the Covington Policies excludes coverage for "property damage expected or intended from the standpoint of the insured."

54. The Total Pollutant Exclusion, added to the Covington Policies by the Contractors – Exclusions and Limitations Amendatory Endorsement, provides that Covington has no duty to

12

defend or indemnify any insured for any nature of damages related to pollutants released, dispersed or migrating onto [the Limpac] Property.

55. Pursuant to the Classification Limitation Endorsement of each of the Covington Policies, there is no coverage for "property damage" "for operations which are not classified or shown on the Commercial General Liability Coverage Part Declarations, its endorsements or supplements," which the policies classify as "garbage, ash, refuse collecting."

56. Limpac alleges that Claude L. Johnson willfully deposited "trash, debris, demolition materials, and hazardous and noxious materials on [the Limpac] Property."

57. It is undisputed (and he has admitted) that Claude L. Johnson knew where the property lines were on the Johnson Property.

58. Claude L. Johnson knew that the alleged trespass and any "property damage" had incepted and begun occurring prior to the inception of the Covington Policies.

59. Any "property damage" caused by the alleged intentional and repeated trespass was not caused by an "occurrence."

60. Any "property damage" as alleged in the Underlying Complaint and that actually occurred was expected or intended from the standpoint of Claude L. Johnson.

61. All or the majority of all "property damage" alleged in the Underlying Complaint was the result of pollutants released, dispersed or migrating onto the Limpac Property.

62. Any "property damage alleged in the Underlying Complaint was the result of operations other than "garbage, ash, refuse collecting."

63. Covington is entitled to a declaration that it has no obligation to defend or indemnify Claude L. Johnson from the claims asserted in the Underlying Complaint because any alleged "property damage" does not fall within the Insuring Agreement of the Covington Policies

13

as it began or incepted prior to the inception of the Covington Policies, the property damage claimed is not caused by an "occurrence," or it is excluded the exclusions because it was expected or intended by Claude L. Johnson, it arises from operations not covered by the Classification Limitation Endorsement and/or it involves property damage caused by the release, dispersal or migration of pollutants.

64.     Additionally, to the extent Limpac by its Complaint seeks recovery of alleged economic loss to those portions of Limpac's property that suffered no "property damage" covered by the Covington Policy, there is no coverage under the Covington Policy for such economic loss as there is no insured "property damage" caused by an "occurrence."

**WHEREFORE,** Covington respectfully prays that the Court enter judgment in its favor and against Defendants as follows:

1)     A declaration that Covington has no obligation under the Covington Policy to defend or indemnify Claude L. Johnson from the claims asserted in the Underlying Complaint;

2)     For such other and further relief as this Court deems proper.

Respectfully submitted, this 27th day of August, 2021.

        **HALL BOOTH SMITH, P.C.**

        */s/Elizabeth F. Wieters*
        Elizabeth F. Wieters, Esq., Federal Bar No. 12317
        Daniel Fuerst, Esq., Federal Bar No. 12616
        111 Coleman Blvd., Suite 301
        Mt. Pleasant, SC 29464
        Telephone: (843) 720-3460
        Facsimile: (843) 720-3458
        ewieters@hallboothsmith.com
        dfuerst@hallboothsmith.com

        *Attorneys for Covington Specialty Insurance Company*